**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| DELAWARE VALLEY BINDERY INC, | : | |
| | : | Civil Action No. 17-0422-BRM-TJB |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL RAMSHAW, TONY | : | |
| MAGALETTA, MIDAMERICA | : | |
| EQUIPMENT SOLUTIONS, LLC, and | : | |
| JOHN DOES 1-10, | : | **OPINION** |
| Defendants. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants MidAmerica Equipment Solutions, LLC ("MidAmerica")

and Michael Ramshaw's ("Ramshaw") (collectively, "Defendants")[1] Motion to Dismiss the

Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) Plaintiff Delaware

Valley Bindery, Inc. ("Plaintiff") opposes the motion. (ECF No. 10.) Pursuant to Federal Rule of

Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below,

Defendant's Motion to Dismiss is **GRANTED in part WITHOUT PREJUDICE** and **DENIED**

**in part**.

---

[1] The Complaint also asserts claims against John Does 1-10 and Tony Magaletta ("Magaletta"),
however, the Motion to Dismiss is submitted on behalf of Ramashaw and MidAmerica. (ECF No.
6-2.) Defendants believe Magaletta has not been served, (*id.* at 1 n.1), and indeed, no appearance
has been entered on his behalf. Therefore, this Opinion applies only to the moving defendants,
Ramashaw and MidAmerica.

## I.    BACKGROUND

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

At all times relevant, Plaintiff was a New Jersey corporation engaged in the business of graphic arts, which has since closed. (Compl. (ECF No. 1-1) at Ex. A ¶ 5.) In 2004, Plaintiff and Defendants entered into an oral agreement for Defendants to sell Plaintiff's "binding/finishing equipment." (*Id.* ¶¶ 4, 6.) Specifically, Ramshaw "came to [P]laintiff's business to do an appraisal of the equipment and thereafter entered into the oral agreement to sell the equipment." (*Id.* ¶ 6.) Initially, pursuant to the agreement, Defendants "were to receive a 7% commission on the sale of [P]laintiff's equipment plus expenses." (*Id.* ¶ 7.) However, the agreement was modified, wherein Defendants were to receive a 10% commission but would cover their own expenses. (*Id.* ¶ 8.) All equipment was to be sold "'AS IS, WHERE IS', no warranties expressed or implied as inspected by any customer. All equipment was sold free and clear of all liens." (*Id.* ¶ 9.)

A third party, E&M Bindery, allegedly purchased several pieces of Plaintiff's equipment for $55,000. (*Id.* ¶ 10.) On September 10, 2015, E&M Bindery received the equipment, and on October 15, 2015, Defendants received payment from Liberty Capital, the company through which E&M Bindery financed the purchase. (*Id.* ¶ 11.) Plaintiff claims it is owed $30,038.84 from this sale. (*Id.*)

Plaintiff contends "Defendants have also charged for expenses, which was not part of the amended agreement and have kept commission for equipment that has not been sold." (*Id.* ¶ 12.) Lastly, it alleges Fox Bindery Group, another third party, arranged to purchase equipment "from Plaintiff" and "[a] $5,000 deposit was given." (*Id.* ¶ 13.) Plaintiff does not provide the terms of the

agreement with Fox Bindery Group or specifically allege Defendants arranged the sale or received

the deposit, but alleges "[D]efendants gave Fox Bindery Group $5,000 of [P]laintiff's money"

when the sale did not go forward. (*Id.*)

On or about October 6, 2017, Plaintiff filed a Complaint against Defendants in the Superior

Court of New Jersey Law Division, Mercer County, alleging six causes of action: (1) breach of

contract (Count I); (2) violation of the covenant of good faith and fair dealing (Count II); (3)

negligence (Count III); (4) violation of the New Jersey Consumer Fraud Act ("CFA") (Count IV);

(5) commission of common law legal and equitable fraud (Count V); and (6) joint and several

liability (Count VI). (*See id.*) On January 20, 2017, Defendants filed a Notice of Removal. (ECF

No. 1.) On February 10, 2017, Defendants filed a Motion to Dismiss. (ECF No. 6.) Plaintiff

opposes the motion. (ECF No. 10.)

## II.    LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a

district court is "required to accept as true all factual allegations in the complaint and draw all

inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at

228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations."

*Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*,

478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a

factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the

complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Federal Rule of Civil Procedure 9(b)

Fraud based claims are subject to a heightened pleading standard, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). For a fraud based claim, a court may grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 9(b) if the plaintiff fails to plead with the required particularity. *See Frederico v. Home Depot*, 507 F.3d 188, 200-02 (3d Cir. 2007). The level of particularity required is sufficient details

to put the defendant on notice of the "precise misconduct with which [it is] charged." *Id.* at 200 (citation omitted). At a minimum, Rule 9(b) requires a plaintiff to allege the "essential factual background that would accompany the first paragraph of any newspaper story—that is, the 'who, what, when, where and how' of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276-77 (3d Cir. 2006) (citation omitted). The heightened pleading standard set forth in Rule 9(b) applies to Plaintiff's CFA and common law fraud claims. *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) (applying Rule 9(b) to CFA and common law fraud claims).

III. **DECISION**

A. **Breach of Contract – Count I**

Defendants argue that while Plaintiff "asserts that [D]efendants breached an oral agreement that the parties entered into in 2004, pursuant to which [D]efendants agreed to sell [Plaintiff's] equipment in exchange for 10% commissions," it "fails to plead sufficient facts to establish any breach of this agreement." (ECF No. 6-2 at 4.) Defendant further contends Plaintiff has not pled facts sufficient to establish that any of the following actions were a breach of the oral agreement: "(i) not paying amounts owed to [Plaintiff] for a completed sale to customer E&M Bindery; (ii) giving customer Fox Bindery Group '$5,000 of [P]lainitff's money' after receiving a deposit of that amount; and (iii) charging for expenses and keeping unearned commissions." (*Id.* at 5.) Plaintiff argues

> Defendants were to sell [P]laintiff's equipment, take a commission
> and provide the rest to [P]laintiff. With some of the equipment, they
> failed to sell or make an effort to sell. With other equipment, they
> improperly kept a deposit. With others, they did sell the equipment
> and have failed to provide the proceeds to the [P]laintiff after taking
> their commission. This is all pled in the Complaint.

(ECF No. 10 at 3.)

5

"A party alleging a breach of contract satisfies its pleading requirement if it alleges (1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002) (citations omitted).

Defendants do not dispute that a contract existed. (ECF No. 11 at 4 ("Defendants do not dispute that Defendant MidAmerica [] entered into a valid oral agreement with [Plaintiff.]").) Further, Defendants do not argue Plaintiff did not perform its own contractual duties. (*See* ECF Nos. 6-2 and 11.) Rather, Defendants argue Plaintiff's breach of contract claim should be dismissed solely because it failed to plead factual allegations sufficient to support any alleged breach of the oral agreement. (ECF No. 11 at 4.) The Court disagrees.

The oral agreement provided Defendants were to sell Plaintiff's binding and finishing equipment for a 10% commission, but to cover their own expenses. (ECF No. 1 at Exhibit A ¶¶ 4, 6, 8.) Defendants sold some equipment to E&M Bindery, received payment from the sale, but never paid Plaintiff its share. (*Id.* ¶¶ 10-11.) Because Defendants are only to receive a 10% commission, the Court finds Plaintiff has sufficiently pled Defendants breached their oral agreement. Plaintiff further alleges "Defendants have also charged for expenses, which was not part of the amended agreement and have kept commission for equipment that has not been sold." (*Id.* ¶ 12.) Because Defendants were to cover their own expenses and only earn a commission for equipment that was sold, Plaintiff has sufficiently pled a breach of the oral agreement. Lastly, Plaintiff alleges Defendants returned a $5,000 deposit to Fox Bindery Group that belonged to Plaintiff, after a sale failed to go through. While Plaintiff did not specifically state every purchase required a deposit, the Complaint suggests that was part of the agreement. For example, E&M Bindery provided a deposit of $5,000 when agreeing to purchase Plaintiff's equipment. (*See id.* ¶

10.) Therefore, the Court finds Plaintiff has sufficiently pled that Defendants breached the oral agreement and Plaintiff's alleged damages clearly arise from that breach. Accordingly, Defendants' Motion to Dismiss Plaintiff's breach of contract (Count I) is **DENIED**.

## B. Breach of Covenant of Good Faith and Fair Dealing – Count II

Defendant argues Plaintiff has not satisfied its burden to plead facts alleging Defendants acted in "bad faith or with a malicious motive," because the Complaint includes only conclusory assertions that Defendants "failed to act in good faith" but offers no support for this assertion. (ECF No. 6-2 at 7.) Plaintiff maintains that because it sufficiently pled the elements of a breach of contract, it has pled the elements of an implied covenant of good faith and fair dealing. (ECF No. 10 at 5-6.) Plaintiff further contends Defendants "entered into a contract with [Plaintiff] to sell their equipment, did sell some equipment and kept the money. It is alleged that this was not done in good faith, and there are certainly sufficient facts pled in the Complaint to support said claim." (*Id.* at 6.)

Pursuant to New Jersey law, all contracts have an implied covenant of good faith and fair dealing, which prohibits either party from doing "anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 270 (3d Cir. 2004) (citations omitted); *see Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 182 N.J. 210, 224–25 (2005); *R.J. Gaydos Ins. Agency, Inc. v. National Consumer Ins. Co.*, 168 N.J. 255, 276 (2001). "A plaintiff may be entitled to relief under the covenant [of good faith and fair dealing] if its reasonable expectations are destroyed when a defendant acts with ill motives and without any legitimate purpose." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 267 (3d Cir. 2008) (quoting *Brunswick Hill Racquet Club, Inc.*, 1182 N.J. at 226; *Graco, Inc. v. PMC Global, Inc.*, No. 08-1304, 2009 WL 904010 (D.N.J. 2009)

("A defendant who acts with improper purpose or ill motive may be found liable for breaching the implied covenant if the breach upsets the plaintiff's reasonable expectations under the agreement.").

In pleading Defendants violated the covenant of good faith and fair dealing, Plaintiff adequately asserts Defendants acted with ill motive to the detriment of Plaintiff's reasonable expectations. (*See* ECF No. 1-1 at Exhibit A ¶¶ 10-13, 25.) Specifically, Plaintiff plead:

> Defendants failed to act in good faith when rendering performance under the contracts binding the parties and/or by failing to render timely and/or valid and/or effective performance and/or by failing to render full and complete performance under the warranties/guarantees and/or by concealing or misrepresenting the respective parties' obligations and/or duties under same.

(*Id.* ¶ 25.) While Defendant is correct that this conclusory statement alone does not suffice to plead a cause of action, this statement taken in the context of the entire Complaint is enough to support a breach of the covenant of good faith and fair deal. Plaintiff sufficiently pled Defendants sold some equipment to E&M Bindery, received payment from the sale, but never paid Plaintiff its share. (*Id.* ¶¶ 10-11.) Plaintiff further alleges "Defendants have also charged for expenses, which was not part of the amended agreement and have kept commission for equipment that has not been sold." (*Id.* ¶ 12.) Lastly, Plaintiff alleges Defendants returned a $5,000 deposit to Fox Bindery Group that belonged to them, after a sale failed to go through. For these reasons, Defendants' Motion to Dismiss Count Two is **DENIED**.

### C. Negligence – Count III

Defendant argues Plaintiff's negligence claim should be dismissed because the Complaint does not explain how Defendants owed Plaintiff a duty of care or breached that duty of care. (ECF No. 6-2 at 8.) Plaintiff does not respond to this argument. (*See* ECF No. 10.) As a result, in their reply Defendants argue since Plaintiff offers no response to this argument, "it has essentially

abandoned its negligence claim." (ECF No. 11 at 3.) Indeed, "[w]here an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant." *Lawlor v. ESPN Scouts, LLC*, No. 10-5886, 2011 WL 675215, at \*2 (D.N.J. Feb. 16, 2011) (citing *Conroy v. Leone*, 316 Fed. App'x 140, 144 n.5 (3d Cir. 2009) ("We find this undeveloped argument has been waived.")). Accordingly, Count III could be dismissed for this reason alone. Nonetheless, the Court will consider the merits of the claim.

To state a cause for negligence under New Jersey law, a plaintiff must plead: "(1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages." *Polzo v. Cty of Essex*, 196 N.J. 569, 584 (2008)). "The threshold inquiry in a negligence action is whether the defendant owed the plaintiff a duty of care." *Holmes v. Kimco Realty Corp.*, 598 F.3d 115, 118 (3d Cir. 2010). "Under New Jersey law, 'whether a person owes a duty of reasonable care toward another turns on whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy." *Holmes*, 598 F.3d at 118 (quoting *Monaco v. Hartz Mountain Corp.*, 178 N.J. 401, 418 (N.J. 2004)).

The economic loss doctrine bars claims for negligence between parties to a contract. *SRC Const. Corp. of Monroe v. Atl. City Hous. Auth.*, 935 F. Supp. 2d 796, 800 (D.N.J. 2013). "Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 460 (D.N.J. 2009) (quoting *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316 (2002)). "[M]ere failure to fulfill obligations contained in the parties' contract, including the implied duty of good faith and fair dealing, is not actionable in tort." *Id.* Therefore, "[w]ithout an

independent duty imposed by law, Plaintiffs' negligence claim is barred." *Rost v. Avelo Mortg., LLC*, No. 15-3254, 2015 WL 6737026, at \*5 (D.N.J. Nov. 3, 2015).

In its Complaint, Plaintiff merely pled Defendants owed a legal duty to Plaintiff, they breached that duty, and as a direct and proximate result of said negligence Plaintiff sustained damages. (ECF No. 1-1 at Exhibit A ¶¶ 29-31.) Plaintiff does not identify what independent duty, if any, Defendants owed to Plaintiff and a duty cannot arise from their contractual relationship unless Defendant owed an independent duty imposed by law. *Skypala*, 655 F. Supp. 2d at 460. Given the inadequacies in Plaintiff's Complaint and the fact the Plaintiff did not oppose this portion to the motion, Defendants motion to Dismiss Count III is **GRANTED**.

### D.  CFA and Common Law Legal and Equitable Fraud – Counts IV and V

Defendants argue Plaintiff's "Complaint lacks any of the[] basic facts for its CFA and common law fraud claims. It fails to identify the date, time, place, speaker or content of any purported misrepresentations. Nor does it identify any material omissions." (ECF No. 6-2 at 11.) Defendants further contend Plaintiff's fraud claims fail because the Complaint does not state what aspects of Defendants' purported representations or omissions are false or misleading nor does it contain any facts suggesting Defendant were aware of the falsity of any of the statements allegedly made. (*Id.*) In addition, Defendants assert Plaintiff's CFA claim must be dismissed because this case does not involve a sale of consumer goods to the public at large. (*Id.* at 12-13.) Plaintiff argues it alleged Defendant "essentially kept funds belonging to the [P]laintiff, intending [P]laintiff[] to rely upon [D]efendants to sell their equipment and deliver the proceeds" and Plaintiff did in fact rely on Defendants and has been harmed. (ECF No. 10 at 7.)

The CFA states, in pertinent part:

> The act, use or employment by any person of any unconscionable
> commercial practice, deception, fraud, false pretense, false promise,

> misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; . . . .

N.J.S.A. § 56:8-2. Courts have interpreted this section to require the following three elements to state a cause of action under the CFA: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557 (2009) (citing *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 192 N.J. 372, 389 (2007)).

An "unlawful practice" is defined as:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby . . . .

N.J.S.A. 56:8-2. "The [CFA] creates three categories of unlawful practices: affirmative acts, knowing omissions, and violations of state regulations." *Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 499 (D.N.J. 2009) (quoting *Vukovich v. Haifa*, No. 03-737, 2007 WL 655597, *9 (D.N.J. Feb 27, 2007) (citing *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 17 (1994))). Affirmative acts require no showing of intent on behalf of the defendant. *See Cox*, 138 N.J. at 17; *Fenwick v. Kay Am. Jeep, Inc.*, 72 N.J. 372, 378 (1977). "Thus, a defendant who makes an affirmative misrepresentation is liable even in the absence of knowledge of the falsity of the misrepresentation, negligence or the intent to deceive." *Vukovich*, 2007 WL 655597, at *9 (citation omitted). "In

contrast, when the alleged consumer fraud consists of an omission, a plaintiff must show that the defendant acted with knowledge, thereby making intent an essential element of the fraud." *Id.*

"The third category of unlawful acts consists of violations of specific regulations promulgated under the [CFA]." *Cox*, 138 N.J. at 18-19. "In those instances, intent is not an element of the unlawful practice, and the regulations impose strict liability for such violations." *Id.* (citation omitted). Unlawful acts expressly regulated by other statutes, regulations, or rules not promulgated under the CFA can give rise to a CFA claim. *See Lemelledo v. Beneficial Mgmt. Corp. of Am.*, 150 N.J. 255, 266-73 (1997); *Henderson v. Hertz Corp.*, No. L-6937-03, 2005 WL 4127090, at \*5 (N.J. Super. Ct. App. Div. June 22, 2006). However, the CFA does not create strict liability for violations of other statutes, regulations, or rules not promulgated under the CFA. *See Henderson*, 2005 WL 4127090, at \*5.

An "ascertainable loss" is one that is "quantifiable or measurable." *Thiedemann v. Mercedes-Benz USA, LLC,* 183 N.J. 234, 248. (2005). A "plaintiff must suffer a definite, certain and measurable loss, rather than one that is merely theoretical." *Bosland*, 197 N.J. at 558. Additionally, plaintiffs must set forth allegations sufficient to show those losses are causally connected to defendant's alleged conduct. *Bosland*, 197 N.J. at 557. It is not sufficient to make conclusory or broad-brush allegations regarding defendant's conduct; plaintiff must specifically plead those facts. *Torres-Hernandez*, No. 08-1057, 2008 WL 5381227, at \*7 (D.N.J. Dec. 17, 2008). This requires, for example, pleading when and to whom the alleged fraudulent statements were made. *See Dewey*, 558 F. Supp. 2d at 527.

To state a claim for common law fraud under New Jersey law, a plaintiff must allege "(1) [the defendant made] a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) [the defendant had] an intention that the

other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Triffin v. Automatic Data Processing, Inc.*, 394 N.J. Super. 237, 246 (App. Div. 2007) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)).

The Court finds Plaintiff has failed to plead any facts demonstrating Defendants engaged in an unlawful conduct in violation of the CFA or Defendants made a material misrepresentation in violation of the New Jersey common law fraud. In support of its CFA claim, in the Complaint, Plaintiff alleges, in relevant part:

> 39. Defendants and/or Defendants' agents and/or brokers and/or independent contractors and/or salespeople and/or employees and/or representatives and/or servants and/or workmen engaged in an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation against Plaintiff.
>
> 40. Defendants knowingly concealed, suppressed or omitted a material fact from Plaintiff with intent that Plaintiff[] rely upon same.
>
> 41. Plaintiff in fact reasonably relied upon the aforesaid concealment and/or omissions of material fact to Plaintiff's detriment.
>
> 42. The aforesaid misrepresentations were material to the transaction(s) at issue.
>
> 43. As a result of Defendants' aforesaid misconduct, Plaintiff sustained an ascertainable loss capable of being calculated with a reasonable degree of certainty.

(ECF No. 1-1 at Ex. A ¶¶ 39-43.) Plaintiff offers no factual allegations to support its bare conclusions that Defendants "engaged in an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation against Plaintiff" and "concealed, suppressed or omitted a material fact from Plaintiff" in Count IV. (*Id.* ¶ 50.)

In support of its common law fraud claim, Plaintiff alleges, in relevant part:

50. Defendants and/or the salespeople and/or agents and/or brokers and/or independent contractors and/or employees and/or representatives and/or servants and/or workmen that Defendants authorized to market or sell the property made certain misrepresentations and/or omissions of presently existing or past fact material fact to Plaintiff with regard to the transaction. Specifically, those misrepresentations included, but are not necessary limited to, the nature of the parties' respective relationships, the nature of the property and the existence and/or issuance of warranties relative to the property.

Indeed, the only statement in the entire Complaint regarding the subject of the alleged unlawful conduct and misrepresentations or omissions is that "those misrepresentations included, but are not necessarily limited to, the nature of the parties' respective relationships, the nature of the property and the existence and/or issuance of warranties relative to the property." (*Id.* ¶ 50.) This is not sufficient. To satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9, Plaintiff "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Pereira v. Azevedo*, No. 12-907, 2013 WL 1655988, at \*3 (D.N.J. Apr. 17, 2013). Further, Plaintiff must also plead "who made the purported misrepresentations and what specific misrepresentations were made." *Id.*

In fact, Counts IV and V of Plaintiff's Complaint are threadbare recitals of the CFA's and common law cause of action's elements, supported by mere conclusory statements (*see* ECF No 1-1 at Exhibit A ¶¶ 32-59). This is not sufficient under Federal Rule of Civil Procedure 8, let alone 9(b)'s heightened particularity requirement. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, the Court finds the above allegations fail to meet both the CFA, common law fraud, and Federal Rule of Civil Procedure 9(b)'s particularity requirement, and Defendants' Motion to Dismiss Counts IV and V of Plaintiff's Complaint is **GRANTED**.

In its opposition, Plaintiff asks that if the Count finds it did not sufficiently plead a CFA or common law fraud violation, it provide it with the opportunity to amend the Complaint in lieu of dismissing these Counts. (ECF No. 10 at 7.) Plaintiff's request is **GRANTED IN PART** in that Plaintiff may file an amended complaint addressing all deficiencies within thirty (30) days of the accompanying Order. However, Counts IV and V are **DISMISSED** as stated above in the interim.

### E.  Joint & Several Liability

Defendant, in a footnote, argues that since joint and several liability is merely a damages provision and not an independent cause of action, if all of Plaintiff's claims are dismissed, its joint and several liability count must also be dismissed. (ECF No. 6-2 at 3 n.2.) Because the Court is not dismissing all of Plaintiff's claims, it will not dismiss Plaintiff's joint and several liability claim. Defendant's Motion to Dismiss Count VI of Plaintiff's Complaint is **DENIED**.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Counts III, IV, and V of Plaintiff's Complaint is **GRANTED WITHOUT PREJUDICE.** The motion is **DENIED** in all other respects. Plaintiff may file an amended complaint addressing all deficiencies within thirty (30) days of the accompanying Order.

Date: September 18, 2017

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**